UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| RICHARD MILLICAN, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 12-2019-STA |
| ONE BEACON AMERICAN INSURANCE CO. and BARR-NUNN TRANSPORTATION, INC., | ) |
| Defendants. | ) |

---

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

---

Before the Court is Defendant Barr-Nunn Transportation, Inc's Motion for Judgment on the Pleadings (D.E. # 10), filed on February 24, 2012. Plaintiff Richard Millican has filed a response in opposition to Defendant's Motion, and Defendant has filed two reply briefs. For the reasons set forth below, the Motion is **GRANTED**.

**BACKGROUND**

Plaintiff seeks damages for injuries allegedly suffered in the course and scope of his employment as a tractor trailer driver with Defendant Barr-Nunn Transportation ("Barr-Nunn"). Specifically, Plaintiff claims that benefits are payable under a policy of insurance issued by Defendant One Beacon American Insurance Company ("One Beacon"). In its Motion for Judgment on the Pleadings, Defendant Barr-Nunn seeks dismissal of any claim Plaintiff has alleged against it

1

because Barr-Nunn is named only as a nominal defendant and Plaintiff has not stated any claim upon which relief may be granted against Barr-Nunn. Barr-Nunn is simply the named policyholder for the policy under which Plaintiff seeks benefits. According to Barr-Nunn, Defendant One Beacon has admitted in its responsive pleading that Plaintiff "was registered to receive any applicable coverages through the policy of insurance offered by Defendant One Beacon America Insurance Company."[1] One Beacon simply denies that Plaintiff's injuries are covered under the policy. Barr-Nunn asserts that both Defendants are in agreement that any monetary relief Plaintiff may recover will be payable by One Beacon, and not Barr-Nunn. Therefore, the Court should dismiss Barr-Nunn as a party in this matter.

Plaintiff has responded that he will consent to the dismissal of Barr-Nunn if Defendants will agree that Plaintiff is an "insured of One Beacon America Insurance or a third-party beneficiary or loss payee as an 'eligible person' (as defined in the policy) of the policyholder . . . ."[2] In a separate argument, Plaintiff contends that both Defendants are represented by the same counsel and that under the circumstances counsel has a conflict of interest. In its reply, Barr-Nunn reiterates that it is not a necessary party to this action. According to Barr-Nunn, the only issue presented in this case is whether Plaintiff's alleged injuries "fall within the coverage of the Occupational Accident policy" issued by One Beacon.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) states, "After the pleadings are closed – but early

---

[1] Def.'s Mem. in Support 3.

[2] Pl.s' Resp. in Opp'n ¶ 3.

enough not to delay trial – a party may move for judgment on the pleadings."[3] Motions for judgment on the pleadings may be granted where the moving party "is entitled to judgment as a matter of law."[4] Just as with Rule 12(b)(6) motions, the Court must consider a Rule 12(c) motion by taking all the "well-pleaded material allegations of the pleadings of the opposing party" as true.[5] A pleading's factual allegations must be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead "sufficient factual matter" to render the legal claim plausible, i.e., more than merely possible.[6] However, "a legal conclusion couched as a factual allegation" need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient.[7] Thus, although the factual allegations in a counterclaim need not be detailed, they "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief."[8]

## ANALYSIS

The Court holds that Plaintiff has failed to allege facts against Barr-Nunn to show a plausible entitlement to relief. This case appears to be a coverage dispute between an insured and the

---

[3] Fed. R. Civ. P. 12(c).

[4] *Cincinnati Ins. Co. v. Beazer Homes Invs., LLC*, 594 F.3d 441, 444 (6th Cir. 2010).

[5] *Id*.

[6] *Fritz v. Charter Tp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (citing *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009)).

[7] *Hensley Mfg. v. ProPride, Inc.,* 579 F.3d 603, 609 (6th Cir.2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007));

[8] *League of United Latin Am. Citizens v. Bredesen,* 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly,* 127 S.Ct. at 1964-65).

insurance company. Plaintiff has not cited any legal authority which would make Barr-Nunn liable for the benefits he seeks against One Beacon. In fact, Plaintiff has actually consented to the dismissal of Barr-Nunn if Defendants will concede that Plaintiff is an "insured of One Beacon America Insurance or a third-party beneficiary or loss payee as an 'eligible person' (as defined in the policy) of the policyholder . . . ."[9] It appears to the Court that One Beacon has made such a concession in its Answer where it admitted that "Plaintiff was eligible to receive any applicable coverage through the policy of insurance offered by Defendant OneBeacon America Insurance Company through Barr-Nunn Transportation."[10] Plaintiff has not demonstrated why this admission would not satisfy his demand that Defendants concede that he is "an eligible person." Therefore, the Court holds that Barr-Nunn is entitled to judgment as a matter of law, and Barr-Nunn's Motion for Judgment on the Pleadings is **GRANTED**.

Because Plaintiff's claim against Barr-Nunn are dismissed, the Court declines to consider Plaintiff's contention that a conflict of interest exists for counsel for Defendants.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 6, 2012.

---

[9] Pl.s' Resp. in Opp'n ¶ 3.

[10] Answer ¶ 2 (D.E. # 4).